UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| HAYMAKER DEVELOPMENT COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 20-478-DCR |
| V. | ) ) | |
| C.M. GATTON, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This dispute in this civil action involves the ownership and development of real property located in Fayette County, Kentucky. Defendants Beaumont Investments, LLC, the C.M. Gatton Trust, and C.M. Gatton (individually and as Trustee of the C.M. Gatton Trust) removed this matter from Fayette Circuit Court and have now filed motions to dismiss the Complaint. [Record Nos. 5, 6] Because Haymaker has failed to allege a justiciable claim against Defendant Beaumont Investments, LLC, that defendant's motion to dismiss will be granted. However, construing the Complaint in a light most favorable to the plaintiff, it has alleged cognizable claims against Defendants C.M. Gatton and the Gatton Trust. As a result, these defendants' motions to dismiss will be denied.

I. Background

Before explaining the events alleged to have transpired in this case, it is necessary to introduce the players. The plaintiff, Haymaker Development Company, LLC ("Haymaker"), is a real estate developer based in Fayette County, Kentucky. Haymaker previously was known as Haymaker Development Company, Inc., but at some point, converted to the limited

- 1 -

liability company it is today.[1] [*See* Record No. 7, p. 4.] Timothy Haymaker is a member of Haymaker and a former shareholder of Haymaker Development Co., Inc.

Defendant C.M. Gatton ("Gatton") is a Tennessee citizen. Gatton is Trustee of Defendant C.M. Gatton Trust ("the Trust"), an *inter vivos* trust established on January 7, 1995. Defendant Beaumont Investments, LLC, ("Beaumont") is a Kentucky limited liability company organized with C.M. Gatton as its sole member.[2]

Haymaker alleges that Haymaker Development Company, Inc., Gatton, and Beaumont previously operated as a joint venture or partnership to develop a mixed-use development known as Beaumont ("Beaumont Development"). In count 1 of the Complaint, Haymaker alleges that Haymaker, Gatton, and the Trust more recently partnered/jointly ventured to develop property in the Hamburg area of Fayette County. Haymaker contends that it negotiated the Trust's purchase of approximately 563.3 acres of land previously owned by Preston and Anita Madden and Akbar, LLC ("Hamburg Acreage"). Haymaker further alleges that the parties agreed (apparently orally) to develop this property in a manner consistent with the Beaumont Development.

Haymaker, Gatton, and the Trust agreed that the Trust would acquire and hold fee title to the Hamburg Acreage, "for the benefit of the joint venture or partnership." The property would then be developed in phases, at which time Haymaker would "[t]ake title to sufficient acreage to develop each unit by deed from the Gatton Trust in exchange for an unsecured

---

[1] The Kentucky Secretary of State website lists Haymaker Development Co., Inc. as an inactive corporation, which filed its last annual report in 1998. "Haymaker Development Co., LLC" is listed as an active LLC, in good standing, having been organized on December 23, 1998.

[2] According to the Kentucky Secretary of State website, Beaumont Investments LLC was organized on August 31, 1994, and dissolved on December 28, 2020.

promissory note in an amount determined by Gatton to represent the Gatton Trust's basis in the acreage to be conveyed plus seventy percent (70%) of the estimated profits from the development by Haymaker." [Complaint ¶ 11v.]

The Trust acquired the Hamburg Acreage on November 17, 2003. Haymaker, Gatton, and the Trust promptly began developing the Hamburg Acreage and, to date, have developed "a substantial portion of the Hamburg Acreage in accordance with the partnership or joint venture structure" described in the Complaint. However, portions of the Hamburg Acreage have not been developed ("Remaining Hamburg Acreage").

Haymaker alleges that the partnership or joint venture has made improvements to the Remaining Hamburg Acreage and has paid for them out of the profits generated by the partnership or joint venture. However, according to Haymaker, Gatton and the Trust deny that the Remaining Hamburg Acreage is an asset of the partnership or joint venture and refuse to continue developing the property with Haymaker.

In count 2, Haymaker alleges that Gatton and the Trust agreed to partner or joint venture with Haymaker to develop a mixed-use development known as Coventry ("Coventry Development"). It appears that this also is alleged to be an oral partnership agreement. Similar to the Hamburg Development, portions of Coventry have not yet been developed ("Remaining Coventry Acreage"). Haymaker claims an interest in the Remaining Coventry Acreage as an asset of the partnership or joint venture.

Count 3 involves the Beaumont Development, which predates Hamburg and Coventry. Haymaker contends that "[t]he overall profit and loss from the development of the Hamburg Acreage, the Beaumont Development, and the Coventry Development are maintained on a

joint basis," and that Haymaker is entitled to a division of the profits and losses from these developments. [Complaint ¶¶ 33-34]

Finally, in count 4, Haymaker alleges that Gatton and the Trust have breached their fiduciary duties to Haymaker by failing to complete development of the Remaining Hamburg and Coventry Acreages.

Haymaker seeks a declaratory judgment that each of the developments was undertaken pursuant to a partnership or joint venture; that the Trust owns the Remaining Acreages as assets of the partnership or joint venture; and that Gatton and the Trust have breached the parties' agreements and their fiduciary duties by failing to develop the Remaining Acreages. Haymaker also seeks monetary damages and an injunction requiring Gatton and the Trust to complete development of the Remaining Acreages. As noted, the defendants have filed motions to dismiss the Complaint.

## II. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible upon its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must proceed on the assumption that well-pleaded allegations are true, even if they strike it as improbable. *Id.* at 556 (2007). While the Court need not accept legal conclusions or unwarranted factual inferences, the complaint must be construed in the plaintiff's favor. *Sharp v. Ingham Cty.*, 23 F. App'x 496, 498 (6th Cir. 2001). However, the Court will dismiss a complaint if the factual allegations are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. Motions to Dismiss

#### A. Beaumont

Haymaker's factual allegations concerning Beaumont are limited: Beaumont is introduced in paragraph four of the Complaint as a Kentucky limited liability company, with its principal place of business in Tennessee. Beaumont is not mentioned again until paragraph 31, in which the plaintiff alleges that Haymaker, Gatton, and Beaumont "previously developed" the Beaumont Development. The plaintiff further alleges, "[t]he overall profit and loss from the development of the Hamburg Acreage, the Beaumont Development, and the Coventry Development are maintained on a joint consolidated basis." Finally, Haymaker contends that it "is entitled to a division of the profits and losses from the Beaumont Development, Coventry Development, and Hamburg Development."

Beaumont argues that Haymaker's claims against it should be dismissed because Haymaker fails to allege that Beaumont engaged in any wrongdoing. According to Beaumont, the development of Beaumont Centre (also referred to as the Beaumont Development) concluded decades ago. Further, Haymaker does not seek any damages or injunctive relief from Beaumont. Instead, Haymaker simply seeks a declaration that the parties' business transactions surrounding the Beaumont Development were a partnership or joint venture. In response to Beaumont's motion to dismiss, Haymaker agrees that it "simply seeks a declaration that Beaumont and Haymaker did have such a business relationship." [Record No. 7, p. 7]

The Complaint does not specify the law that entitles the plaintiff to such a determination. The federal Declaratory Judgment Act provides that, "in a case of actual controversy a competent court may 'declare the rights and other legal relations' of a party 'whether or not further relief is or could be sought.'" *Pub. Serv. Comm'n of Utah v. Wycoff*

*Co., Inc.*, 344 U.S. 237, 239 (1952) (quoting 28 U.S.C. § 2201). After removal from state court, this Court applies the federal Declaratory Judgment Act rather than state law. *Kentucky Mist Moonshine, Inc. v. University of Kentucky*, 192 F. Supp.3d 772, 784-85 (E.D. Ky. 2016).

In deciding whether to grant declaratory relief, federal courts generally consider five factors:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Grand Trunk W.R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984).

The answer to the first inquiry clearly is "no." There is no allegation that Beaumont is involved in the development of Hamburg or Coventry or that any property remains to be developed in Beaumont. Additionally, the plaintiff does not claim that Beaumont owes it any money or has breached any duty.

The answer to the second question also is "no." While the historical relationship between Beaumont, Gatton, and Haymaker may constitute relevant background information, it is unclear that a legal determination of the nature of these parties' relationship is particularly relevant to the issues that are actually in controversy.

The defendants contend that Beaumont was joined as a party in an effort to defeat removal from state court, since the plaintiff characterize Beaumont as a "Kentucky limited liability company." While the plaintiff disputes this assertion, the Court need not resolve the issue because the first, second, and fifth factors weigh heavily against granting declaratory

relief. The fourth factor does not apply, since there does not appear to be any parallel state court proceeding. Finally, with respect to the fifth factor, there is an alternative remedy that is superior. Haymaker may pursue its claims against Gatton and the Trust. To the extent Haymaker's relationship with Beaumont is relevant to issues that are in dispute, discovery can be conducted on those topics.

Another important reason for dismissing a complaint for declaratory relief is that no justiciable controversy exists for the court to resolve. To satisfy Article III of the United States Constitution's case-or-controversy requirement, the case must involve a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Detroit, Toledo, & Ironton R. Co. v. Consolidated Rail Corp.*, 767 F.2d 274, 279 (6th Cir. 1985) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Based on the factors discussed above, the statements set forth in the Complaint do not allege that Haymaker and Beaumont have adverse legal interests or that there is a controversy between them concerning present rights, duties, or liabilities.

Finally, the Court will address a few points the plaintiff touched on in response to Beaumont's motion to dismiss. First, Haymaker asserts, in passing, that Beaumont is "an indispensable party to any potential outcome in this case." [Record No. 7, p. 1] However, the plaintiff has not addressed Rule 19 of the Federal Rules of Civil Procedure or otherwise explained why Beaumont is required to be joined in this action. As has often been repeated, "issues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible

argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

Next, Haymaker suggests that Beaumont may be liable for Gatton's wrongdoing based on the assertion that Beaumont is Gatton's alter-ego. [Record No. 4] This argument fails for a variety of reasons. First, it is unclear that the doctrine of reverse veil-piercing is permitted in Kentucky. *See Rector v. Calvert*, 2018 WL 2460361, at *2 (Ky. Ct. App. June 1, 2018). But more importantly, a theory of liability based on corporate veil piercing must be pleaded in the complaint. *Sudamax Industria e Comercio de Cigarros, Ltda v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841 (W.D. Ky. 2007). Even if the Court overlooked this pleading deficiency, however, the plaintiff did not plead facts supporting this theory. Further, similar to the argument that Beaumont is an indispensable party, Haymaker did not support this theory with developed argumentation.

Finally, to the extent the plaintiff contends that its historical relationship with Beaumont is relevant to prove Gatton and the Trust's conduct with respect to the Hamburg and Coventry Developments, that would simply be evidence to be developed through discovery and does not require a ruling from the Court.

Based on the foregoing analysis, Beaumont's motion to dismiss will be granted.

### B. C.M. Gatton and the Gatton Trust

Haymaker alleges that Gatton and the Trust breached the parties' partnership or joint venture agreement by failing to develop the Remaining Hamburg Acreage and the Remaining Coventry Acreage. Additionally, Haymaker contends that Gatton and the Trust have breached their fiduciary duties by failing to complete these developments. Gatton and the Trust argue

that these are actually breach-of-contract claims which are barred by the statute of frauds.[3] These defendants also assert that Haymaker has failed to allege sufficient facts to sustain a claim for breach of fiduciary duty.

Kentucky's statute of frauds generally requires contracts conveying or transferring an interest in real property to be in writing. *See* K.R.S. § 371.010. Likewise, an agreement to loan money generally must be in writing and signed by the party to be charged therewith. *Id.* Gatton and the Trust argue that the transactions described in the Complaint are agreements to convey property and to loan money—nothing more. Accordingly, they assert, Haymaker cannot bring an action to enforce them because the alleged agreements are oral.

Haymaker contends that he is alleging a breach of the parties' oral partnership or joint venture agreement, which is not barred by the statute of frauds. Indeed, an oral agreement to enter a partnership or joint venture for the purpose of dealing in real estate may be enforced even though it is not in writing. *Jones v. Nickell*, 179 S.W.2d 195, 196-97 (Ky. 1944). *See also Garth v. Davis & Johnson*, 85 S.W. 692, 692 (Ky. 1905) ("An agreement to become partners in dealing in real estate is neither a contract to buy nor a contract to sell real estate as between the parties to it. As far as the formation of the co-partnership is concerned, the title to real estate is no wise affected by the making of the agreement. The terms of the agreement, the mutual undertakings by the partners as between themselves as to what each will contribute,

---

[3] Gatton and the Trust rely on *Wiedemann v. Crawford*, 134 S.W. 495, 497 (Ky. 1911), which provides: "[I]f A agrees with B that he will buy real property not owned by B, and then conveys the same to B, the agreement is not enforceable. . . ." However, *Wiedemann* goes on to explain that "if the agreement is that A shall buy real property on the joint account of A and B, *or in partnership*, or he is acting as the agent of B, then the contract is valid." *Id.* at 497-98 (emphasis added).

and the interests of each in the profits of their undertaking, are matters not necessarily affected by the statute.").

The defendants contend that Haymaker has not alleged sufficient facts to demonstrate that the parties agreed to engage in a partnership or joint venture. To determine whether it has, it is necessary to define these terms. A partnership is the association of two or more persons to carry on as co-owners of a business for profit, whether or not the persons intend to form a partnership. K.R.S. § 362.1-202(1). "A joint venture is a special type of partnership, which Kentucky courts have defined as 'an informal association or two or more persons, partaking of the nature of a partnership, usually, but not always, limited to a single transaction in which the participants combine their money, efforts, skill, and knowledge for gain, with each sharing in the expenses and profits or losses." *CASS JV, LLC v. Host Intern., Inc.*, 2014 WL 3955366 (W.D. Ky. Aug. 13, 2014) (quoting *Roethke v. Sanger*, 68 S.W. 3d 352, 364 (Ky. 2001)). A joint venture is treated like an informal partnership and is governed by principles of partnership law in that venture partners owe fiduciary duties to one another and the joint venture. *Id.* (citing *Abbott v. Chesley*, 413 S.W.3d 589, 604-04 (Ky. 2013)).

There is no bright-line test for determining whether a partnership exists. Instead, each case is assessed individually based on the totality of the circumstances. *Thale v. Collector Imports, LLC*, 2008 WL 4386769, at *3 (W.D. Ky. Sept. 23, 2008). Kentucky courts have considered the following factors: sharing of profits and losses; community of property; and control over the conduct of the business. *See Roy C. Whayne Supply Co. v. McGowan*, 280 S.W. 491, 493 (Ky. 1926); *see also* K.R.S. § 362.180. Kentucky case law contemplates that whether a partnership exists is a question of fact to be determined by a jury. *Thale*, 2008 WL 4386769, at *4 (collecting cases).

At this stage of the litigation, Haymaker has alleged sufficient facts to establish that Haymaker, Gatton, and the Trust entered into a partnership or joint venture to develop Hamburg and Coventry. Specifically, Haymaker contends that it negotiated purchases of property on behalf of the Trust, which the Trust then purchased and held on behalf of the partnership or joint venture.[4] According to Haymaker, the parties agreed that the Trust would then convey the property to Haymaker as it was developed. In addition, Haymaker alleges that it put forth substantial effort and resources in developing the property. Upon sale of the property, the parties would share the profits.

The burden on the plaintiff at this stage of litigation is low; a complaint does not need detailed factual allegations to survive an attack under Rule 12(b)(6). *Twombly*, 550 U.S. at 555. The defendants are correct that plaintiffs may not "plead their way around reality" or "dress up their claims into something that they are not." [Record No. 6, p. 12] However, at this time, the Court cannot say that Haymaker has merely "dressed up a homely hog." *See id.* (citing *KEPRO Acquisitions, Inc. v. Analytics Holdings, LLC*, 2020 WL 1615541, at *6 (M.D. Ala. Apr. 1, 2020)). While the outcome may be different at the summary judgment stage or trial, the plaintiff has sufficiently alleged that the parties formed a partnership or joint venture and that Defendants Gatton and the Trust breached the parties' oral agreement by failing to develop the Remaining Hamburg and Coventry Acreages.

---

[4] The Court is skeptical with respect to this allegation. "Property acquired in the name of one (1) or more of the partners, without an indication in the instrument transferring title to the property of the person's capacity as a partner or the existence of a partnership and without use of partnership assets, is presumed to be separate property, even if used for partnership purposes." K.R.S. § 362.1-204(4). *But see Stephens v. Ainsworth*, 437 P.3d 51, 60 (Kan. Ct. App. 2019) (observing that RUPA's presumption of separate property is rebuttable).

Gatton and the Trust contend that Haymaker's breach-of-fiduciary-duty claim fails as a matter of law because the underlying breach of contract claims are barred by the statute of frauds.  Having concluded that the plaintiff has alleged sufficient facts to establish that a partnership or joint venture existed, this argument fails.

"Fiduciary duty" is defined as "a duty of utmost good faith, trust, confidence, and candor owed by a fiduciary . . . to the beneficiary . . .; a duty to act with the highest degree of honesty and loyalty toward another person and in the best interest of the other person." *In re Tolliver*, 464 B.R. 720, 746 (E.D. Ky. 2012) (internal citations omitted).  Under Kentucky law, partners owe each other a fiduciary duty.  *Waldman v. Stone*, 599 F. App'x 569, 575 (6th Cir. 2015) (citing *Lack v. Man O'War, LLC*, 256 S.W.3d 563, 569 (Ky. 2008)).

"A claim for breach of fiduciary duty requires that a plaintiff allege that '(1) the defendant owes a fiduciary duty to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff suffered damages as a result of the breach.'"  *McBrayer, McGinnis, Leslie & Kirkland, PLLC v. Eckerle*, 2019 WL 4074735, at *4 (Ky. 2019) (quoting *Insight Kentucky Partners II, L.P. v. Preferred Automotive Servs., Inc.*, 514 S.W.3d 537, 546 (Ky. Ct. App. 2016)).  Haymaker claims that Gatton and the Trust breached their fiduciary duties by failing to complete development of the Remaining Hamburg and Coventry Acreages.  Since the defendants' motion to dismiss the claim is based solely on the argument that no fiduciary relationship existed, the motion will be denied with respect to this claim.

Finally, the defendants contend that the Court should dismiss the plaintiff's demand for punitive damages.  Haymaker alleges that it may be entitled to punitive damages based on its breach-of-fiduciary-duty claim.  Kentucky Revised Statutes § 411.184(b) provides that punitive damages shall not be awarded for breach of contract but may be recovered upon clear

and convincing evidence of oppression, fraud, or malice. The Court need not resolve at this point whether breach of fiduciary duty falls within these terms. The plaintiff (correctly) has not set forth a separate claim for punitive damages and the demand for damages need not be addressed at this time.

### IV.   Conclusion

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Defendant Beaumont Investments, LLC's motion to dismiss [Record No. 5] is **GRANTED**.

2. Defendants C.M. Gatton and the C.M. Gatton Trust's motion to dismiss [Record No. 6] is **DENIED**.

Dated: January 28, 2021.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky